**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3367-17T3

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF
CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-7,

      Plaintiff-Respondent,

v.

SEBASTIAN PACHOLEC,

      Defendant-Appellant,

and

UNIFUND CCR, LLC,

      Defendant.

_____

Submitted September 10, 2019 – Decided October 2, 2019

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-033592-15.

Sebastian Pacholec, appellant pro se.

Stern Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

Defendant Sebastian Pacholec appeals from the judgment entered against him in this mortgage foreclosure action. It is not disputed that defendant borrowed $207,500 and has not made any payments since 2010. After this appeal was filed, the trial judge, Judge Francis R. Hodgson, Jr., issued a ten-page, single-spaced amplification letter pursuant to Rule 2:5-1(b). The trial court's amplification is thorough, detailed, and well-reasoned. We affirm the judgment against defendant substantially for the reasons set forth in Judge Hodgson's amplification letter.

Defendant's contentions on appeal do not warrant extensive discussion in this written opinion. See R. 2:11-3(e)(1)(E). The record before us establishes that defendant obtained a loan for $207,500 that was secured by a mortgage on real property. That mortgage was eventually assigned to plaintiff Bank of New York Mellon, giving it standing to initiate the foreclosure action. Despite defendant's claim to the contrary, we agree with Judge Hodgson that the note included a default provision that authorized plaintiff to proceed against the

2

collateral property.  We also are satisfied that the trial judge properly rejected the defenses raised by defendant under the Truth in Lending Act (TILA) and Fair Foreclosure Act (FFA). 15 U.S.C. §§ 1601 to 1667f; N.J.S.A. 2A:50-53 to -68.  The trial court properly concluded, for example, that defendant failed to meet the burden of proof on the affirmative defense of payment, and that plaintiff satisfied all of the pertinent process requirements set forth in TILA and FFA, including timely service of a Notice of Intent to foreclose.

To the extent that Judge Hodgson's amplification letter does not address an argument raised by defendant on appeal, the contention lacks sufficient merit to warrant discussion in this written opinion.   R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3367-17T3